IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERNEST LEE DUNCAN, JR., <br><br> Plaintiff, <br><br> v. <br><br> PNC BANK, N.A., et al., <br><br> Defendants. | Case No. 2:22-cv-1717 <br> Hon. Patricia L. Dodge |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO SEAL PORTIONS OF PLAINTIFF'S FILINGS IN OPPOSITION TO EXPERIAN'S MOTION TO VACATE**

Plaintiff, Ernest Lee Duncan, Jr. ("Mr. Duncan"), through counsel, respectfully sets forth the following Opposition Brief to Defendant, Experian Information Solutions, Inc.'s Motion to Seal Portions of Plaintiff's Filings in Opposition to Experian's Motion to Vacate (the "Motion to Seal") (ECF 155):

## INTRODUCTION

Mr. Duncan first filed his FCRA case in this Court, before Experian demanded that he be barred from court and instead proceed in a private arbitration forum. Mr. Duncan and Experian then each agreed to follow the private rules therein. Ultimately, Duncan won and Experian lost, so Experian sought to abandon the private venue and asks this Court to rescue it from JAMS. Whether the documents at issue here may be sealed turns first on the basic question of whether they are even confidential in the first place. Because Experian never followed the procedures in JAMS to designate as confidential the information it now seeks to secrete from public view, nothing at issue in its present motion is secret. Mr. Duncan could post them online, mail them to the newspapers or regulators or share them with friends. And while he has not chosen to do any of these things, he also had the right

1

to and did file them in this Court's docket and opposes Experian's effort to seal them from public access.

Experian's Motion to Seal asks the Court to remove from public view information entirely derived from an arbitration hearing transcript that is not confidential. The underlying arbitration rules afford Experian no confidentiality right in that transcript, and the Stipulated Protective Order entered by the JAMS Arbitrator, Linda Singer, only deemed the hearing transcript confidential if Experian followed specific designation procedures, which it failed to do. This should be the end of the Court's analysis. But even if Experian evades this problem of its own making, the Motion to Seal can only succeed if Experian meets its burden to establish that Mr. Duncan's filings (ECFs 146, 147-1, 148-4, and 150) contain "the kind of information that courts will protect and disclosure will work a clearly defined and serious injury to the party seeking closure." *Miller v. Ind. Hosp.*, 16 F. 3d 549, 551 (3d Cir. 1994). It cannot meet this burden because its "mere embarrassment is insufficient to overcome the strong presumption of public access inherent in the common law right" of access to judicial records. *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 679 (3d Cir. 2019). And make no mistake—Experian seeks sealing here, not out of any genuine concern for its "trade secrets," but instead to deprive the public of access to honest but damaging testimony provided by its corporate representative that resulted in an arbitration award it does not like. *See Brown & Williamson Tobacco Corp. v. Fed. Trade Comm'n*, 710 F.2d 1165, 1180 (6th Cir. 1983) ("Indeed, common sense tells us that the greater the motivation a corporation has to shield its operations, the greater the public's need to know."). Experian's Motion to Seal comes nowhere close to overcoming the strong presumption against sealing judicial records, and it should be denied.

## BACKGROUND

Mr. Duncan and Experian arbitrated Mr. Duncan's claims against Experian under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA") before JAMS. (ECFs 42, 121-2.) On July

16, 2024, after hearing two days of live testimony with six witnesses, receiving and reviewing over 100 stipulated exhibits, and evaluating extensive pre- and post-hearing briefing, Arbitrator Linda Singer issued a twenty-page Award with nearly eight pages of factual findings. Arbitrator Singer's Award found that Experian willfully violated the FCRA. (ECF 121-2.) Prior to the live arbitration hearing, Experian and Mr. Duncan had engaged in depositions and written discovery. In the arbitration, Arbitrator Singer entered a Stipulated Protective Order (ECF 107-1 at 27–33 (using ECF pagination), which provided, in pertinent part:

> Any party or non-party producing or filing documents or other materials in this action (the "Producing Party") may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

(ECF 107-1 at 28 ¶ 3.) That Protective Order only "govern[ed] the use, handling and disclosure of all documents testimony, or information produced or given in this action *which are designated to be subject to this Order in accordance with the terms thereof.*" (*Id.* at 27 ¶ 1 (emphasis added).) In advance of the arbitration hearing, Mr. Duncan and Experian agreed to have a transcript of the hearing prepared and provided to Arbitrator Singer. (ECF 107-1 at 3 ¶ 8.) Experian makes no showing that it made *any* confidentiality designations as to the hearing transcript. (ECFs 107, 107-1, 155.) JAMS Comprehensive Rules governed the arbitration. (ECF 121-2 at 3.) JAMS Comprehensive Rule 26(a) provides "that JAMS and the Arbitrator shall maintain the confidential nature of the Arbitration proceeding and the Award, including the Hearing, except as necessary in connection with a judicial challenge to or enforcement of an Award, or unless otherwise required by law or judicial decision." (ECF 107-1 at 20.) In other words, the JAMS Comprehensive Rules impose no confidentiality obligations on the parties to the arbitration, and even as to JAMS and the Arbitrator, allow disclosure "as necessary in connection with a judicial challenge to . . . an Award" and as "required by law or judicial decision." (*Id.*) JAMS Comprehensive Rule 26(b) provides that

3

"[t]he Arbitrator may issue orders to protect the confidentiality of proprietary information, trade secrets, or other sensitive information." (*Id.*)

On October 14, 2024, Experian filed a Motion for Leave to File Documents Under Seal (the "First Motion to Seal") (ECF 106) and an accompanying Supporting Brief (ECF 107). The Court entered an Order granting the First Motion to Seal the next day. (ECF 111.) The Court noted that its Order was "provisional in that it may be vacated or modified, in whole or in part, at any time for good cause shown upon the motion of any party (or any other person with a recognized interest as to such matters), or by the Court upon its own motion." (*Id.*) On October 16, 2024, Experian filed its Motion to Vacate or In the Alternative, to Modify or Correct, Arbitration Award (the "Motion to Vacate") (ECF 120) and accompanying Supporting Brief (the "Experian Brief") (ECF 121 (public), 122 (sealed)).

On January 2, 2025, Mr. Duncan filed his Opposition Brief (ECF 147) to the Motion to Vacate and a Motion for Leave to File Response (ECF 147) (the "Motion for Leave") to the factual assertions in the Experian Brief. The Motion for Leave included a proposed response (ECF 147-1) that attempted to track the Court's LCvR 56(C)(1) procedures by setting forth pertinent facts, with record citations, presented in the arbitration regarding Experian's factual assertions. Mr. Duncan also filed an Appendix of Exhibits (and accompanying exhibits) (ECFs 148–148-44) to his Opposition Brief and his proposed response. On January 3, 2025, the Court entered an Order (ECF 149) granting the Motion for Leave, and, on the same day, Mr. Duncan filed his Response (ECF 150) to the factual assertions in the Experian Brief.

On January 10, 2025, Experian filed the Motion to Seal, requesting that the Court redact from the public record information contained in Mr. Duncan's Opposition Brief (ECF 146),

4

Proposed Response to Experian's Factual Assertions (ECF 147-1), Excerpts of the Arbitration Hearing Transcript (ECF 148-4), and Response to Experian's Factual Assertions (ECF 150).[1]

To (hopefully) assist the Court in adjudicating the Motion to Seal, Mr. Duncan includes as <u>Exhibit 1</u> to this brief a compilation of the information Experian seeks to redact from the public court record. <u>Exhibit 1</u> delineates, by ECF number and page number assigned by CM/ECF, the specific information Experian seeks to seal from public view.[2] As reflected in <u>Exhibit 1</u>, Experian seeks to seal information derived entirely from the arbitration hearing transcript, so Mr. Duncan focuses his argument on that document.

### ARGUMENT

I. **Arbitration Affords Experian No Confidentiality as to Its Motion to Vacate.**

Though Experian argues otherwise, nothing about arbitration generally or Mr. Duncan's arbitration specifically affords Experian any right of confidentiality in the judicial records related to its Motion to Vacate. Here, Mr. Duncan and Experian never even agreed to submit to "confidential" arbitration—they agreed that "[a]rbitration will take place by JAMS," and the JAMS Comprehensive Rules only imposed confidentiality obligations on JAMS and Arbitrator Singer, not Mr. Duncan or Experian. (ECFs 41 at 2 ¶ 4, 107-1 at 20.) As one court noted, "JAMS Rule 26 . . . only requires confidentiality on the part of the arbitrator and JAMS, not the parties themselves." *Brown v. DIRECTV, LLC*, No. CV 12-08382 DMG EX, 2013 WL 3273811, at *10 (C.D. Cal. June 26, 2013); *see also Lyons v. NBCUniversal Media, LLC*, No. CV193830MWFJEMX, 2019 WL

---

[1] The Motion to Seal actually requests sealing of the Appendix of Exhibits, but undersigned counsel has confirmed with Experian's counsel that the requested sealing related to the Appendix of Exhibits only applies to ECF 148-4, i.e., Excerpts of the Arbitration Hearing Transcript.

[2] This is a process and filing that Experian should have accomplished and made. It cannot otherwise argue that a specific fact or document is a "trade secret" without identifying the secret itself.

6703396, at *12 (C.D. Cal. Sept. 27, 2019) ("While Rule 26 relates to confidentiality and privacy, it requires the Arbitrator to maintain the confidential nature of the Arbitration, not Plaintiffs."). And the Protective Order entered by Arbitrator Singer (ECF 107-1 at 27–33) only afforded any protection for documents designated confidential in accordance with its terms. Experian makes no showing that it ever designated any portion of the hearing transcript confidential in compliance with the Protective Order. So, the Protective Order affords Experian no confidentiality protection in this proceeding as to the hearing transcript.

Even if Experian could argue the arbitration and Protective Order accorded it a confidentiality right in the hearing transcript, "numerous courts . . . have found that the parties' agreement to submit to confidential arbitration does not—in and of itself—constitute good cause to seal arbitration materials in a subsequent federal action." *Laudig v. Int'l Bus. Machines Corp.*, No. 1:21-CV-5033-AT, 2022 WL 18232706, at *5 (N.D. Ga. Dec. 16, 2022) (citing *Fed. Nat. Mortg. Ass'n v. Prowant*, 269 F. Supp. 3d 1290, 1293 (N.D. Ga. Feb. 11, 2015); *Jankula v. Carnival Corp.*, No. 18-CV-24670-UU, 2019 WL 8051719, at *2–3 (S.D. Fla. Sept. 5, 2019); *Grynberg v. BP P.L.C.*, 205 F. Supp. 3d 1, 4 (D.D.C. 2016); *Dentons US LLP v. Zhang*, No. 21 MISC. 462, 2021 WL 2187289, at *1–2 (S.D.N.Y. May 28, 2021); *Jackson v. Sleek Audio, LLC*, No. 13-80725-CIV, 2013 WL 12384284, at *1–2 (S.D. Fla. Oct. 8, 2013). These holdings make sense because the "parties cannot, by agreement, contract around the right of public access." *Laudig*, 2022 WL 18232706, at *6.

Experian's cites two cases for the proposition that "courts protect materials that parties agree to keep confidential, especially when those materials are exchanged in private arbitration." (ECF 107 at 5.) First, no agreement to keep the hearing transcript confidential even exists. Second, *Century Indemnity Co. v. Certain Underwriters at Lloyd's, London* lacks persuasiveness here because:

6

>In *Century Indemnity*, the plaintiff, without opposition from the defendant, sought to confirm, not challenge the validity of the arbitration award. Under such circumstances, where the privately entered arbitration award is being enforced, the public interest in knowing the basis for the award is not compelling. Here, however, where a party is seeking to have the judge of a public forum set aside an arbitration award, there is a strong public interest in being able to evaluate the correctness of the judicial determination. That public interest outweighs any privacy interests of the party who chose to enter the public forum and seek judicial relief.

*Jackson*, 2013 WL 12384284, at *2. Third, *Century Indemnity Co.* recognized no special protection for arbitration materials because it applied the governing Third Circuit case law and found that the plaintiff rebutted "[t]he strong common law presumption of public access to judicial records." 592 F. Supp. 2d 825, 827. Fourth, *DiRussa v. Dean Witter Reynolds Inc.* provided no special treatment to arbitration materials—instead, it recognizes the proposition (advanced here by Mr. Duncan) "that a district court must carefully evaluate requests to seal documents with a view towards the presumption of access to judicial records." 121 F. 3d 818, 827 (2d Cir. 1997).

Experian also claims "courts recognize the confidential nature of the parties' bargained-for arbitration," citing to a single case from the Southern District of New York. (ECF 107 at 6 (citing *Vedder Price P.C. v. US Cap. Partners, LLC*, 2019 WL 1986737, at *3 (S.D.N.Y. May 6, 2019).) But, like Experian's other cases, *Vedder Price P.C.* lacks any application to Experian's Motion to Seal (or the First Motion to Seal, for that matter). *Vedder Price P.C.* addressed a motion to unseal an arbitration award rendered "pursuant to California's Mandatory Fee Arbitration Act ("MFAA"), Cal. Bus. & Prof. Code. § 6200 *et seq.*" *Id.* at *1. The Court found that, since "no party has yet attempted to invoke the arbitration award as a basis for any action or forbearance on the part of the Court[,]" it was unclear if the arbitration award even constituted "the sort of 'judicial document' to

which a presumption of public access applies in the first place."[3] *Id.* at *2. The Court found, even if the presumption of public access applied, "the arbitration award's currently negligible role in this Court's adjudicative process," California law precluding admissibility of such an award, and the arbitration provider's rules requiring that the entire arbitration file and any award remain confidential overcame the presumption. *Id.* at *3. In this case, Experian seeks to vacate Arbitrator Singer's Award pursuant to Section 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10, and "nothing in the FAA requires confidentiality and confidentiality is not an inherent aspect of arbitration, even if it might be the norm in practice." *Laudig*, 2022 WL 18232706, at *5 n. 5; *see also Soligenix, Inc. v. Emergent Prod. Dev. Gaithersburg, Inc.*, 289 A.3d 667, 672 (Del. Ch. 2023) ("Nothing in the FAA requires confidentiality.").

At bottom, the fact that the hearing transcript arose from an arbitration before JAMS merits no consideration by the Court in deciding whether the Motion to Seal rebuts the strong presumption of public access.

## II. Experian Fails to Rebut the Strong Presumption of Public Access of the Judicial Records It Seeks to Seal.

The information Experian seeks to seal cannot possibly be deemed trade secrets that might "harm Experian's business interests and competitive standing." (ECF 155 at 2 ¶ 4.) The Motion to Seal makes no real effort to establish "good cause on a showing" that the specific information in Mr. Duncan's filings (ECFs 146, 147-1, 148-4, 150) "will work a clearly defined and serious injury" to Experian. *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984). Instead, Experian relies entirely on its arguments from the First Motion to Seal and a declaration of Christina Hamilton

---

[3] In the Third Circuit, the Court's use of the document generally does not inform whether the common-law right of access attaches. *Pennsylvania Nat'l Mut. Cas. Ins. Grp. v. New England Reinsurance Corp.*, 840 F. App'x 688, 691 (3d Cir. 2020). Instead, "if the document *does* make its way into the clerk's file, then the common-law right of access ordinarily attaches." *Id.*

8

submitted with that motion. Ms. Hamilton generically referred to a "competitive advantage"[4] Experian enjoys based on its "sophisticated policies and procedures to achieve maximum possible accuracy of the information it its credit reports and to conduct reasonable reinvestigations of disputes from consumers about the accuracy of information in their credit files." (ECF 107-2 at 7 ¶ 17.) To be clear, Mr. Duncan's filings include no document containing any of Experian's supposedly "sophisticated policies and procedures." (*Id.*) Instead, the filings contain testimony from Ms. Hamilton confirming that Experian's dispute procedure is to simply "parrot" whatever its furnisher sources report to it.[5] But numerous court decisions, including five from Circuit Courts, have already warned Experian (or its predecessor) that its "parroting" was unlawful, so the dispute procedures at issue in this case are already well documented in the public record. (ECF No. 121-3 at 6–10.) Just ten days ago, the Consumer Financial Protection Bureau ("CFPB") publicly filed an enforcement complaint against Experian (and published that complaint on its website) detailing as much (if not more) about Experian's "sophisticated policies and procedures" (ECF 107-2 at 7 ¶ 17) than what is contained in Mr. Duncan's filings. (Complaint, ECF 1, *CFPB v. Experian Info. Sols., Inc.*, No. 8:25-cv-00024 (C.D. Cal. Jan. 7, 2025), attached hereto as **Exhibit 2**.)

Experian is by its own admission sued thousands of times each year for the same allegations made here. (ECF 121-2 at 14.) And it has been the subject of over 174,000 consumer complaints to

---

[4] Ms. Hamilton herself has no expertise or foundational basis to determine what is or not a "trade secret" or impactful of Experian's competitiveness. As the Arbitrator found, Ms. Hamilton is solely "'senior litigation analyst,' whose primary role is to testify in Experian's defense." (ECF 121-2 at 7.) She is a witness, not a technology, marketing, competitiveness or even a management employee.

[5] In fairness to Experian, 148-4 also includes testimony from Ms. Hamilton that she receives a bonus when Experian performs well financially and from another Experian witness, Mary Methvin, that Experian would have deleted its reporting of the disputed account if PNC had responded to an electronic dispute with the wrong date of birth or Social Security number for Mr. Duncan. But the fact that Experian seeks to seal such innocuous information underscores the lack of merit inherent in its sealing request.

the CFPB for the same refusal to investigate. (*Id.* at 20.) Other consumers and regulators have a right and likely a need to learn what Mr. Duncan has exposed. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994) ("Circumstances weighing against confidentiality exist when confidentiality is being sought over information important to public health and safety, and when the sharing of information among litigants would promote fairness and efficiency.") (cleaned up).

There is no doubt that Mr. Duncan's filings constitute "judicial records," so Experian's failure to "overcome the strong presumption of public access" precludes this Court from sealing those filings. Experian has not demonstrated (and cannot demonstrate) any legitimate secrecy interest in the filings at issue because it is a matter of public record that Experian conducts "sham investigations" of credit reporting disputes. (CFPB, *CFPB Sues Experian for Sham Investigations of Credit Report Errors* (Jan. 7, 2025), attached hereto as **Exhibit 3**.) Experian's inability to meet its burden precludes the Court from "articulat[ing] the compelling, countervailing interests to be protected [and] mak[ing] specific findings on the record concerning the effects of disclosure." *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662 at 672 (cleaned up). Accordingly, the Motion to Seal should be denied.[6]

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court deny Experian's Motion to Seal Portions of Plaintiff's Filings in Opposition to Experian's Motion to Vacate (ECF 155).

---

[6] To the extent the Court finds Experian has somehow rebutted the strong common-law presumption of access, Mr. Duncan submits that the Court should also evaluate the Motion to Seal under the First Amendment right of access, which "requires a much higher showing than the common law right of access before a judicial proceeding can be sealed." *Id.* at 673. The Motion to Vacate is akin to a motion for summary judgment, and while the Third Circuit has declined to decide whether the First Amendment right of access applies to summary judgment records, the Second Circuit and Fourth Circuit have applied the First Amendment right of access to such records. *Id.* at 679 n. 2 (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006); *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1998)).

Dated: January 17, 2025

Respectfully submitted,
**ERNEST LEE DUNCAN, JR**

By *  /s/ Drew D. Sarrett*
Leonard A. Bennett (admitted *pro hac vice*)
Adam Short (admitted *pro hac vice*)
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd., Ste. 1-A
Newport News, VA 23601
(757) 930-3660
lenbennett@clalegal.com
adam@clalegal.com

Drew D. Sarrett (admitted *pro hac vice*)
Consumer Litigation Associates, P.C.
626 E. Broad Street, Suite 300
Richmond, VA  23219
(804)-905-9900
drew@clalegal.com

Matthew W.H. Wessler (application for admission *pro hac vice* pending)
Gupta Wessler LLP
2001 K St. NW, Suite 850 North
Washington, DC 20006
(202) 888-1741
matt@guptawessler.com

Jessica Garland (application for admission *pro hac vice* pending)
Gupta Wessler LLP
505 Montgomery Street, Suite 625
San Francisco, CA 94111
(415) 573-0336
jessie@guptawessler.com

*Counsel for the Plaintiff*