IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERNEST LEE DUNCAN, JR.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PNC BANK, N.A., et al.,<br><br>　　　　Defendants. | Case No.  2:22-cv-1717<br><br>Judge Marilyn J. Horan<br>Magistrate Judge Patricia L. Dodge |

### MEMORANDUM IN SUPPORT OF MOTION TO
### CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT

Pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ("FAA"), Movant, Ernest Lee Duncan, Jr. ("Mr. Duncan"), through counsel, hereby files this Memorandum in Support of His Motion to Confirm the Arbitration Award entered in his favor against Respondent, Experian Information Solutions, Inc. ("Experian"), in an arbitration proceeding with Judicial Arbitration and Mediation Services ("JAMS"), styled *Ernest Lee Duncan, Jr. v. Experian Information Solutions Inc.*, No. 5410000458 (the "Arbitration").

In support of his Motion, Mr. Duncan states the following:

### The Parties

1.　　Experian is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f), and it disburses consumer reports to third parties for monetary compensation. Experian is an Ohio corporation with its headquarters and principal place of business located at 475 Anton Blvd, Costa Mesa, California 92626, and does business in this District and Division through its registered agent, located at 600 North 2nd Street, Suite 401, Harrisburg, Pennsylvania 17101.

2.  Mr. Duncan is a natural person and "consumer" as defined by § 1681a(c). He is a resident and citizen of Indiana, who resides at 9229 Crystal River Drive, Indianapolis, Indiana 46240.

## Jurisdiction and Venue

3.  Experian is subject to personal jurisdiction in this Court, as evidenced by its filing an Answer which contained no affirmative defense asserting lack of personal jurisdiction (ECF 34), its joint request with Mr. Duncan (detailed below) for an Order by this Court staying proceedings as to it and compelling Mr. Duncan's claims to arbitration before JAMS (ECFs 41, 41-1), and its filing a Motion to Vacate or, in the Alternative, Modify or Correct the Arbitration Award (the "Motion to Vacate") in this Court (ECF 120).

4.  This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because (1) the amount in controversy in this Motion well exceeds $75,000, as Mr. Duncan seeks confirmation of an arbitration award in his favor consisting of $700,000 in actual damages and $700,000 in punitive damages; (2) Mr. Duncan resides and maintains citizenship in Indiana; and (3) Experian is a citizen of Ohio (its state of incorporation) and California (its principal place of business).[1] At a minimum, therefore, the amount in controversy is $1,400,000. The Court also has subject matter jurisdiction under 28 U.S.C. § 1367 because the Court has original jurisdiction over Mr. Duncan's Complaint

---

[1] PNC Bank, N.A. ("PNC"), the other Defendant remaining in this action, is a national banking association which maintains its principal place of business in Delaware. ECF 40 (PNC Answer) at 5 ¶ 13 ("PNC is a national banking association with a main office in Wilmington, Delaware"); *see also Weber v. PNC Investments LLC*, W.D. Pa. No. 2:19-CV-00704, 2020 WL 563330 (W.D. Pa. Feb. 5, 2020), *aff'd sub nom. Weber v. PNC Investments*, 844 Fed. Appx. 579 (3d Cir. 2021) ("The Court adopts the reasoning of the Second, Seventh, Eighth, and Ninth Circuits—concluding that a national bank's principal place of business is legally irrelevant. All that matters under § 1348 is the location of the national bank's main office listed in its articles of association. For PNC Bank, that is Delaware.").

pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331, and this Motion asserts a claim that "form[s] part of the same case or controversy under Article III of the United States Constitution" as the claims asserted in the Complaint. 28 U.S.C. § 1367(a).

5.  Venue is proper under 9 U.S.C. § 9 and 28 U.S.C. § 1391 because Mr. Duncan and Experian jointly agreed to submit their dispute to arbitration by Joint Motion (ECF 41) filed in this Court, and the Court entered an Order directing Mr. Duncan and Experian to proceed to arbitration before JAMS and stayed the action between Mr. Duncan and Experian "pending completion of the arbitration" (ECF 42). The Joint Motion along with the accompanying proposed Order (ECFs 41, 41-1) and the Court's Order staying this action as to Mr. Duncan and Experian and compelling them to arbitration before JAMS collectively accompany this Motion as **Exhibit A**. While the Arbitration was conducted through JAMS, by Arbitrator Linda R. Singer ("Arbitrator Singer"), in Washington D.C., the Supreme Court has "held that the court with power to stay the action under § 3 [of the FAA] has the further power to confirm any ensuing arbitration award." *Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193, 202 (2000) (citing *Marine Transport Corp. v. Dreyfus*, 284 U.S. 263, 275–273 (1932)).

6.  Under the FAA, proceedings to confirm or vacate an arbitration award may be filed in the district court where the underlying federal action is pending, even if the arbitration took place in a different district, so long as the court has jurisdiction over the parties and the dispute. *See Cortez Byrd Chips, Inc.*, 529 U.S. at 195–204 (holding that the venue provisions in the Federal Arbitration Act are permissive rather than mandatory, allowing post-arbitration motions to be brought in any district with jurisdiction over the parties and the dispute).

7.  The arbitration was conducted under the JAMS Comprehensive Rules, which provide, in pertinent part: "[t]he parties to an Arbitration under these rules shall be deemed to have

3

consented that judgment upon the Award may be entered in any court having jurisdiction thereof." JAMS Comprehensive Rule 25.

8. Consequently, this District is the proper venue for the filing of this Motion.

**The Underlying Arbitration Proceedings**

9. Following the Court's April 3, 2023 Order compelling arbitration (ECF 42), the parties proceeded to arbitration under the rules of JAMS. JAMS appointed Arbitrator Singer on September 15, 2023. JAMS Appointment Notice, attached hereto as **Exhibit B**.

10. Arbitrator Singer conducted two preliminary hearings and issued a Procedural Order that the substantive law governing the arbitration would be the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") and that the arbitration would proceed under the JAMS Comprehensive Arbitration Rules. Report of Prelim. Hr'g and Procedural Order No. 1, attached hereto as **Exhibit C**.

11. Arbitrator Singer conducted an in-person evidentiary hearing on March 11 and 12, 2024. Both parties presented documentary evidence, testimony and legal arguments. Post-hearing briefs and supplemental filings were submitted thereafter.

12. On July 16, 2024, Arbitrator Singer issued a detailed Interim Award (the "Award"), attached hereto as **Exhibit D**, which included findings of fact, legal analysis, and a calculation of damages. Arbitrator Singer found that Experian had inaccurately reported a purported "line of credit" on Mr. Duncan's consumer report and failed to conduct a reasonable reinvestigation in response to multiple disputes, in violation of the FCRA.

13. Arbitrator Singer awarded Mr. Duncan $700,000 in actual damages and $700,000 in punitive damages.

14. Arbitrator Singer expressly reserved jurisdiction to decide Mr. Duncan's request for attorneys' fees and costs and directed the parties to confer on a briefing schedule for that purpose. Experian, by letter, moved Arbitrator Singer to defer resolution of Mr. Duncan's request for attorneys' fees and costs "pending the resolution of its motion to vacate." Sept. 19, 2024 J. Parsons Letter, attached as **Exhibit E**. Mr. Duncan and Experian have not yet briefed the issue of attorneys' fees and costs for Arbitrator Singer.

### Basis for Confirmation

15. Section 9 of the FAA provides that, "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award. . . at any time within one year after the award is made any party . . . may apply to the court . . . for an order confirming the award." 9 U.S.C. § 9. The Court must grant such an order unless the award is vacated, modified, or corrected as prescribed in 9 U.S.C. §§ 10-11. *Id.* The FAA mandates that "district courts confirm arbitration awards by converting them into enforceable judgments through a summary proceeding." *Teamsters Local 177 v. United Parcel Serv.*, 966 F.3d 245, 248 (3d Cir. 2020). Mr. Duncan has timely filed his Motion within "one year after the award is made." 9 U.S.C. § 9.

16. On October 31, 2024, Experian filed its Motion to Vacate in this Court. ECF 120. Experian cited 9 U.S.C. §§ 10(a)(3)–(4) and 11(c) as the basis for its Motion to Vacate (ECF 120).

17. On May 21, 2025, Magistrate Judge Patricia L. Dodge issued a comprehensive Report and Recommendation (the "Report and Recommendation") rejecting Experian's Motion to Vacate in its entirety. ECF 177. Judge Dodge found that Arbitrator Singer acted within her authority, afforded both parties a full and fair hearing, and rendered findings consistent with the law and record evidence. *Id*. Judge Dodge recommended denial of the motion and confirmation of the Award. *Id*.

18.   The Report and Recommendation stated:

> Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties may, within (14) days, file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

*Id*. at 18. Experian filed no objections to the Report and Recommendation within fourteen (14) days of May 21, 2025.

19.   9 U.S.C. § 13(c) provides that "[t]he party moving for an order confirming . . . an award shall, at the time such order is filed with the clerk for the entry of judgment thereon, also file the following papers with the clerk "[e]ach notice, affidavit, or other paper used upon an application to confirm, modify, or correct the award, and a copy of each order of the court upon such an application." *Id*. Experian's Motion to Vacate included a request "to modify or correct the award under 9 U.S.C. § 11(c) to strike the arbitrator's entry of a punitive damages award of $700,000 against Experian." As the Report and Recommendation and all papers associated with the Motion to Vacate have already been filed with the Court (ECFs 106–107-2, 111, 120–122-45, 123, 124–125, 144–145, 146–175, 177), Mr. Duncan does not refile them in conjunction with this Motion but will promptly do so upon request by the Court.

20.   Courts have consistently held that interim or partial awards are confirmable under the FAA when they resolve separate and final issues in the arbitration, even if some matters—such as attorneys' fees and costs—remain pending. *See Hart Surgical, Inc. v. Ultracision, Inc.*, 244 F.3d 231, 233-34 (1st Cir. 2001); *Metallgesellschaft A.G. v. M/V Capitan Constante*, 790 F.2d 280, 283 (2d Cir. 1986); *Publicis Communications v. True N. Communications, Inc.*, 206 F.3d 725, 728 (7th Cir. 2000); and *Trade & Transport, Inc. v. Natural Petroleum Charterers Inc.*, 931 F.2d 191, 194–195 (2d Cir. 1991).

21. Here, Arbitrator Singer's Award fully resolved all liability and damages under the FCRA and awarded Mr. Duncan $700,000 in actual damages and $700,000 in punitive damages. The only unresolved issue is attorneys' fees and costs, which Arbitrator Singer expressly retained jurisdiction to address. This does not render the Award non-final or non-confirmable.

22. Moreover, Experian's decision to file a Motion to Vacate constitutes a clear acknowledgment that the Award is subject to judicial review and confirmation under the FAA. A party should not be permitted to simultaneously seek to vacate an award and then argue that the same award is too preliminary to be confirmed. Experian's own invocation of the vacatur provision under § 10 and the modification and correction provision of § 11 reflects its understanding that the Award constitutes a final determination of the issues resolved therein. Having taken that position, Experian must be judicially estopped from contesting the Award's confirmability by contending that it is not final.

23. Further, Arbitrator Singer bifurcated the issue of attorneys' fees and costs from liability and damages at the outset of the arbitration. **Exhibit C** at 4 ("If the Award includes a determination that Claimant is entitled to recover his reasonable attorneys' fees and costs, the parties will be given the opportunity to brief the amount subsequent to the Arbitrator's Interim Award and prior to the issuance of a Final Award.")

24. Because the Award is final as to the core merits and relief, and because the Court has already considered and rejected every asserted ground for vacatur or modification, confirmation under § 9 of the FAA is both proper and required.

25. Mr. Duncan seeks post-award, prejudgment interest pursuant to 42 Pa.C.S.A. § 8101 because Mr. Duncan and Experian jointly agreed to submit their dispute to arbitration by Joint Motion (ECF 41) filed in this Court, and the Court entered an Order directing Mr. Duncan

and Experian to proceed to arbitration before JAMS and stayed the action between Mr. Duncan and Experian "pending completion of the arbitration" (ECF 42). Pennsylvania law, including 42 Pa.C.S.A. § 8101, governs post-award, prejudgment interest because the Joint Motion and resulting Order formed the arbitration agreement in Pennsylvania. *Pippett v. Waterford Dev., LLC*, 166 F.Supp.2d 233, 239 (E.D. Pa. 2001) ("'In Pennsylvania, contract actions are governed by the law of the place of contracting, the place where the last act necessary for the formation of the contract occurred.'" (quoting *Parkway Baking Co. v. Freihofer Baking Co.*, 255 F.2d 641, 646 (3d Cir. 1958); *see also Nationwide Mut. Ins. Co. v. Webber*, 4:CV-05-0998, 2005 WL 8171710 (M.D. Pa. Nov. 21, 2005), *report and recommendation adopted,* 4:CV-05-0998, 2006 WL 8454167 (M.D. Pa. Jan. 5, 2006). Under Pennsylvania law, "a judgment bears interest from the date of the verdict *or award*." *Rhino Servs., LLC v. DeAngelo Contracting Servs., LLC*, CV 21-3840, 2023 WL 5186254, *6 (E.D. Pa. Aug. 11, 2023) (citing 42 Pa.C.S.A. § 8101)); *see also InterDigital Commc'ns Corp. v. Fed. Ins. Co.*, 607 F.Supp.2d 718 (E.D. Pa. 2009) ("On an arbitration award, post-judgment interest begins to run from the date of the award."); *Perel v. Liberty Mut. Ins. Co.*, 2003 PA Super 482, 839 A.2d 426 (Pa. Super. Ct. 2003) (same).

26.     Mr. Duncan seeks post-judgment interest in accordance with 28 U.S.C. § 1961(a) ("a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding."). *Rhino Servs., LLC*, 2023 WL 5186254, *7 ("The Court will therefore award post-judgment interest on the amount of the award calculated under § 1961 from the date of this judgment until the date of payment. This interest rate will be equal to the weekly average 1-year constant maturity yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding this opinion.")

WHEREFORE, Movant, Mr. Duncan, hereby requests that the Court:

A. Confirm the Award issued on July 16, 2024, in JAMS Case number 5410000458;

B. Enter judgment in favor of Mr. Duncan and against Experian in the amount of $1,400,000 as set forth in the Award;

C. Award Mr. Duncan post-award, prejudgment interest of six per cent per annum from July 16, 2024 until the date the Court enters judgment on the Award;

D. Award Mr. Duncan post-judgment interest in accordance with 28 U.S.C. § 1961(a) ("a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding.");

E. Recognize Arbitrator Singer's continuing jurisdiction over the determination of attorneys' fees and costs and authorize Mr. Duncan, if necessary, to file a subsequent Motion to Confirm Arbitration Award and Enter Judgment upon issuance of an Award for his attorneys' fees and costs; and

F. Award such other and further relief as the Court deems just and proper, including an appropriate award of post-award, prejudgment interest other than under 42 Pa.C.S.A. § 8101 should the Court deem that statute inapplicable with respect to this Motion.

DATED: June 18, 2025               Respectfully Submitted,

**ERNEST LEE DUNCAN, JR**

By  */s/ Drew D. Sarrett*
Leonard A. Bennett (admitted *pro hac vice*)
Adam Short (admitted *pro hac vice*)
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd., Ste. 1-A
Newport News, VA 23601
(757) 930-3660
lenbennett@clalegal.com
adam@clalegal.com

        Drew D. Sarrett (admitted *pro hac vice*)
        Consumer Litigation Associates, P.C.
        626 E. Broad Street, Suite 300
        Richmond, VA  23219
        (804)-905-9900
        drew@clalegal.com

        Matthew W.H. Wessler (admitted *pro hac vice*)
        Gupta Wessler LLP
        2001 K St. NW, Suite 850 North
        Washington, DC 20006
        (202) 888-1741
        matt@guptawessler.com

        Jessica Garland (admitted *pro hac vice*)
        Gupta Wessler LLP
        505 Montgomery Street, Suite 625
        San Francisco, CA 94111
        (415) 573-0336
        jessie@guptawessler.com

        *Counsel for the Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERNEST LEE DUNCAN, JR., <br><br> Plaintiff, <br><br> v. <br><br> PNC BANK, N.A., et al., <br><br> Defendants. | Case No. 2:22-cv-1717 <br><br> Judge Marilyn J. Horan <br> Magistrate Judge Patricia L. Dodge |

## **CERTIFICATE OF SERVICE**

I, Drew D. Sarrett, hereby certify that, on June 18, 2025, I served a copy of the foregoing Memorandum in Support of Motion to Confirm Arbitration Award and Enter Judgment, and all exhibits thereto, via email, and that, on the next business day (June 20, 2025), I will cause a copy to be deposited with Federal Express for delivery to the following:

Joseph N. Parsons, Esquire
Andrew J. Urko, Esquire
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
jparsons@jonesday.com
aurko@jonesday.com

I further certify that, on June 18, 2025, I will electronically file the foregoing (and all exhibits thereto) with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all parties.

<em>/s/ Drew D. Sarrett</em><br>
Drew D. Sarrett